# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MICHELLE LEE ROBERTS,**

        **Plaintiff,**

**v.**                                              **Case No. 6:19-cv-2071-Orl-41GJK**

**BRUCE GORDY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:** | October 29, 2019 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED, and the case be DISMISSED with leave to amend the complaint**.

> **MOTION:** APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 8)
>
> **FILED:** November 12, 2019
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED, and the case be DISMISSED with leave to amend the complaint**.

On October 29, 2019, *pro se* Plaintiff filed her Complaint against Defendant. Doc. No. 1. On the same day, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (the "Application"). Doc. No. 2. On November 12, 2019, Plaintiff filed a second Application (the "Amended Application"). Doc. No. 8.

The United States Congress has required that the district court review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915.[1] The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis.* Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

28 U.S.C. § 1915(e)(2) (2010).[2]

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or sua sponte, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)).[3] "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *Id.*

The Local Rules of the United States District Court for the Middle District of Florida govern proceedings *in forma pauperis*. Local Rule 4.07. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07(a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). Thus, the undersigned is tasked with reviewing the Application, Amended Application, and Complaint to determine whether there is subject matter jurisdiction, whether the allegation of poverty is untrue, and whether the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Plaintiff states in the Amended Application that she receives $771.00 per month in Social Security benefits, $782.70 per month as a federal housing subsidy, and $194.00 per month in food

---

[2] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3).
[3] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

stamps for an annual income of $20,972.40.  Doc. No. 8 at 2.  Plaintiff has no dependents.  *Id.* at 3. The poverty guideline updated periodically in the Federal Register by the U.S. Department of Health and Human Services under the authority of 42 U.S.C. § 9902(2) for 2019 for a household of one is $12,490.00. U.S. Dep't of Health & Human Servs., https://aspe.hhs.gov/poverty-guidelines (last visited November 18, 2019). Considering Plaintiff's income exceeds the Federal Poverty Guideline, under no reasonable standard can Plaintiff be considered a pauper. *See Clayton v. Merge*, 2007 WL 846627, at *1 (M.D. Penn. Mar. 19, 2007) (given the assets available, payment of the filing fee would not be an undue hardship on Plaintiff or deprive her of life's necessities).  However, even if Plaintiff were deemed a pauper, she fails to state a basis for subject matter jurisdiction.

Plaintiff alleges that Defendant violated the False Claims Act ("FCA"), 31 U.S.C. § 3729, by falsifying her patient charts and submitting false claims to Medicare for payment related to dental work Defendant performed on Plaintiff.  Doc. No. 1.  Plaintiff seeks damages for corrective dental repairs and pain and suffering, suggesting she also alleges dental malpractice, which is a state claim. Doc. Nos. 1 at 4-5; 6.

The purpose of the FCA is to combat fraud perpetrated against the government.  *Vt. Agency of Nat. Resources v. United States ex rel. Stevens*, 529 U.S. 765, 781 (2000).  The FCA "permits a private individual, called a *qui tam* relator, to file a civil action to recover damages on behalf of the United States." *Rivera v. Wells Fargo Bank N.A.*, 6:14-cv-1916, 2015 U.S. Dist. LEXIS 184092, at *3 (M.D. Fla. Feb. 25, 2015).  While the FCA encourages individuals who are aware of fraud to bring such information forward, a private individual cannot proceed *pro se* in litigating a *qui tam* action under the FCA.  *Timson v. Sampson*, 518 F.3d 870, 873-74 (11th Cir. 2008).  Thus, Plaintiff, acting *pro se*, cannot maintain a cause of action against Defendant under the FCA.

Further, Plaintiff fails to otherwise state any factual allegations providing a basis for federal jurisdiction for any remaining state claims. *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ."); 28 U.S.C. §§ 1331, 1332 (setting forth the bases for federal question and diversity jurisdiction in the federal district courts). Plaintiff fails to allege diversity jurisdiction. Doc. No. 1. She alleges the following: (1) she resides in Florida; (2) Defendant is a citizen of and maintains his principal place of business in Florida; and (3) Defendant treated Plaintiff in Florida. Doc. No. 1 at 1-4. Plaintiff also fails to allege damages in excess of $75,000. Doc. No. 1 at 4.

Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject-matter jurisdiction on which relief could be granted. *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). In an amended complaint, Plaintiff must clearly allege the legal basis of the cause of action (whether a constitutional provision, treaty, statute, or common law) and the state citizenship of the parties. Plaintiff should not include argument in the amended complaint.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Application and Amended Application (Doc. Nos. 2, 8);
2. **DISMISS** the case;
3. **DISMISS** any other pending Motions as **MOOT**; and
4. Grant Plaintiff leave to file an amended complaint within a time established by the Court, with the warning that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida, on November 18, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Unrepresented party