UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHELLE LEE ROBERTS,**

    **Plaintiff,**

v.                                            Case No: 6:19-cv-2071-Orl-41GJK

**BRUCE GORDY,**

    **Defendant.**

                                    /

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 8). United States Magistrate Judge Gregory J. Kelly issued a Report and Recommendation (Doc. 10), in which he recommends denying the motion, dismissing the Complaint, and allowing Plaintiff to file an Amended Complaint. In response, Plaintiff filed an Objection (Doc. 15) and an Amended Complaint (Doc. 14).

In the Report and Recommendation, Judge Kelly did not address the substance of whether Plaintiff qualifies to proceed without prepaying fees or costs. Instead, Judge Kelly addressed, as he is required to do under 28 U.S.C. § 1915, whether Plaintiff's Complaint states a claim and, under Federal Rule of Civil Procedure 12(h)(3), whether this Court can exercise subject matter jurisdiction over Plaintiff's claims. Judge Kelly determined that Plaintiff cannot bring her only federal claim and that Plaintiff failed to adequately plead subject matter jurisdiction. Plaintiff's Objection does not address the substance of the Report and Recommendations; it only reiterates that she cannot afford to pay the Court's fees. Thus, the substance of the Report and Recommendation is un-objected to, and the Court agrees with the analysis therein.

Additionally, Plaintiff's Amended Complaint fails to cure the problems set forth in the Report and Recommendation. The Amended Complaint primarily alleges that Defendant should be criminally prosecuted. Plaintiff has not provided any statute under which she can bring a private right of action, and this Court cannot initiate criminal prosecutions. *See United States v. Brantley*, 803 F.3d 1265, 1271 (11th Cir. 2015) ("Decisions regarding which crimes will be prosecuted are entrusted by the United States Constitution to the Executive Branch . . . . The judiciary cannot interfere with a prosecutor's exercise of charging discretion."); *United States v. Ramos*, 933 F.2d 968, 971 n.1 (11th Cir. 1991) ("Criminal investigations are an executive function within the exclusive prerogative of the Attorney General's Office.").

Plaintiff also fails to establish diversity jurisdiction. While Plaintiff attempts to allege an amount in controversy, she alleges that her damages are between $5000 and $10,000, (Doc. 14 at 4), which is well below the $75,000 threshold, 28 U.S.C. § 1332(a). Also, it appears that all parties are citizens of Florida, (*see* Doc. 14 at 1; Doc. 1 at 3–4), and therefore, diversity jurisdiction cannot be exercised, 28 U.S.C. § 1332(a)(1).

In sum, as set forth in the Report and Recommendation, Plaintiff's Complaint fails to adequately plead cognizable claims and fails to establish subject matter jurisdiction. And, despite having guidance from the Report and Recommendation, Plaintiff's Amended Complaint suffers from the same defects. It appears that any additional opportunities to amend would be futile. Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 10) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 8) is **DENIED**.

3. The Amended Complaint is **DISMISSED**.

4. Plaintiff's Motions for Miscellaneous Relief (Doc. Nos. 9, 16) are **DENIED as moot**.

5. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on December 6, 2019.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party